## IN RE HOUGHTON.

1. An appeal from a district or circuit court, taken more than two years after the rendition and filing of a judgment, gives this court no jurisdiction, and must be dismissed.

2. This rule applies to an appeal under section 477, Comp. Laws, from a judgment revoking the license of an attorney and counselor at law.

(Syllabus by the Court.   Opinion filed July 17, 1894.)

Appeal from district court, Lawrence county. Hon. CHARLES M. THOMAS, Judge.

Proceedings to disbar George R. Houghton. From a judgment of disbarment, said Houghton appeals. Appeal dismissed.

*Geo. L. Houghton,* in pro. per.

*G. G. Bennett, Edwin Van Cise, John R. Wilson, S. P. Romans* and *G. C. Moody,* for respondents.

KELLAM, J. On the 18th day of May, 1889, after a trial, at which appellant was present and participated, upon charges previously delivered to him, the district court for the first judicial district of the territory, after finding the appellant guilty as therein charged, made and entered a judgment revoking his license as an attorney and counselor at law. It is not claimed by appellant that notice of appeal was actually served upon either the adverse attorneys or upon the clerk of the court within two years from the time of filing the judgment roll, but an affidavit made and filed by appellant in this court states that

notice of appeal was by him mailed at Omaha, Neb., to one of
the adverse attorneys, at Deadwood, S. D., on the 14th day of
May, 1891, and a similar notice, at the same time and place, to
the clerk of the court in which the judgment was rendered. It
does not appear that either ever reached its destination. On
the contrary, appellant's affidavit states, upon information re-
ceived from said clerk, that he never did receive the one mailed
to him. Conceding that a notice of appeal may be served by
mail and the same manner and with like effect as any other no-
tice, the affidavit of appellant almost entirely fails to show the
statutory conditions making this service good. It also appears
from the records that the undertaking on appeal was not
signed until September 26, 1891, and was not filed in the clerk's
office until the 28th of the same month. The notice of appeal
certified to this court was served on the clerk, as shown by his
acceptance of service indorsed thereon, on the 25th day of Sep-
tember, 1891. We do not find any proof of service upon the
attorney of respondent, though it does not seem to be ques-
tioned that service was made upon him at about the same time.
Upon this evidence, no other conclusion can be reached that
this appeal was taken, if at all, as late as the 25th day of Sep-
tember, 1891, and not before. We do not understand that ap-
pellant seriously disputes this conclusion, but he does contend
that the statutory limitation of two years, within which an ap-
peal may be taken, as provided by section 5216, Comp. Laws,
does not apply to a judgment or decision of the court in a pro-
ceeding like this. His theory is that proceedings for the revo-
cation of an attorney's license are neither a civil action, a crim-
inal action, nor one of the special proceedings named in the
statute; that they are *sui generis*, in which the court is left to
prescribe its own rules, to the extent of determining its own
authority; that, the statute (section 477) having expressly au-
thorized an appeal to the supreme court, without limiting the
time for taking such appeal, it may be taken at any time.
In this view we cannot concur. So far as the determination of

this particular question is concerned, it does not matter whether the proceeding should be regarded as civil or criminal in its nature; for while judgments in civil matters are reviewed by appeal, and those in criminal cases by writ of error, the statute by the section cited has expressly provided that judgments in these proceedings may be reviewed by appeal, and it has provided for their review in no other manner. The statute, commencing with section 5213, Comp. Laws, provides how and within what time "any judgment" may be taken by appeal from the district to the supreme court for review. By the statute authorizing this proceeding, and under which it was brought, the court is required to try the issues made, if any, by the answer of the defendant, and its decision is expressly denominated a "judgment." We are of the opinion that whenever an appeal is allowed to the supreme court from a judgment of a district (now circuit) court, and no other or different time is named within which it may be taken, section 5216, Id., must control, and that such appeal must be taken within two years. A right of appeal with absolutely no limit as to the time within which it may be exercised would, so far as our knowledge goes, be without precedent. Such was not the intention nor the effect of said section 4ι7, giving the right of appeal. It must be construed in connection with the general provisions of the statute regulating appeals. This appeal, taken more than two years after the rendition of the judgment, gives this court no jurisdiction. It is quite unnecessary to cite authorities to the effect that such appeal must be disregarded. The appeal is dismissed. All the judges concur.