## *In re* HOUGHTON.

An application by one attorney for leave to file charges against others for unprofessional conduct is barred where a previous trial of the same charges resulted in a judgment for the accused, who then filed counter-charges against the applicant for circulating false and malicious charges in which proceeding the latter was found guilty, and his license revoked; no appeal being taken from either judgment.

(Opinion filed Jan. 30, 1897.)

Original application by George L. Houghton for leave to file charges against certain attorneys. Denied.

The facts are stated in the opinion.

*George L. Houghton,* in *pro per.*

No briefs filed.

FULLER, J. An original application is made to this court by George L. Houghton, a member of the supreme court bar, for leave to file charges against a number of attorneys, residing in the city of Deadwood, claiming that they were guilty of unprofessional and fraudulent practices in the territorial district court of Lawrence county, resulting in injury to him, as a litigant. It appears from the record presented that, in the year 1880 Mr. Houghton was interested in certain mining property in Lawrence county, and that the attorneys against whom he makes

application to prefer charges were attorneys for parties who asserted interests adverse to his; and it is claimed that they, in connection with litigation growing out of said conflicting interests, were guilty of unprofessional and fraudulent conduct as attorneys. It further appears that, about 16 years ago, Mr. Houghton preferred in the district court of Lawrence county, against said attorneys, the charges now made, which were tried in that court, and resulted in a judgment in their favor, and against Mr. Houghton. From this judgment this appeal was taken. It further appears that, notwithstanding this trial and decision, Mr. Houghton continued to reiterate his charges both in the court and in circulars, which he caused to be printed and circulated. The same attorneys against whom the charges were previously made thereupon conferred counter-charges against Mr. Houghton, in which they alleged, among other things that he had been guilty of making and circulating false and malicious charges against them, and prayed that his license to practice law be revoked. In 1889 Mr. Houghton was tried upon these charges, and, after a prolonged trial, was found guilty, and his license revoked. Later an attempt was made to appeal from this decision and judgment, but as the appeal was not taken within two years, as prescribed by statute, the appeal was dismissed. *In re* Houghton, 5 S. D. 537, 59 N. W. 733.

It will thus be seen that all the issues that could be involved in the charges which Mr. Houghton now seeks to file in this court have been tried and determined by a court of competent jurisdiction, and, as the judgments therein entered remain in full force and effect, they constitute a complete bar to any further proceedings. The doctrine is well settled that issues litigated and determined in a court of competent jurisdiction, by the formal judgment of such court, cannot be again litigated; and the rule applies with such uniform and irresistible force to every character of litigation, and to every system of jurisprudence, both in England and America, that a case to the con-

trary cannot be found.   Says Mr. Herman:   "The finality and inviolability of judgments of a court of competent jurisdiction, not assailed on error or appeal, rests on an inflexible and conservative principle of law.   The judgment between the same parties or their privies is conclusive of the matter directly in question.   It is beyond question, it is final and absolute, however erroneous, or whatever injustice it may work."   1 Herm. Estop. 107.   The application must be denied, and it is so ordered.